**Jasvir KAUR; Major Singh,
Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

**No. 06–70777.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2009 [*].

Filed July 2, 2009.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kuldip S. Dhariwal, Esq., Fremont, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael W. Boomgarden, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jasvir Kaur, and her husband, Major Singh, both natives and citizens of India, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and we reverse only if the evidence compels a contrary conclusion, *INS v. Elias–Zacarias*, 502 U.S. 478, 481

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review petitioners' contention that they qualify for humanitarian asylum because they failed to exhaust this claim before the agency. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004)

■ Substantial evidence supports the agency's finding that even assuming petitioners' credibly established past persecution, the government rebutted petitioners' presumption of a well-founded fear of future persecution by demonstrating changed country conditions in India. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *see also Sowe v. Mukasey,* 538 F.3d 1281, 1285–86 (9th Cir.2008). Accordingly, petitioners' asylum claim fails.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Sowe,* 538 F.3d at 1288.

■ Finally, substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish it is more likely than not they will be tortured if returned to India. *See Hasan v. Ashcroft,* 380 F.3d 1114, 1122–23 (9th Cir. 2004).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**